909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen S. RUSSO, et al., Plaintiff-Appellee Cross-Appellant,
v.
The CITY OF CINCINNATI, Robert Scholl, Sandra Lemker,
Richard Sizemore, Defendants-Appellants
Cross-Appellees (90-3465)
Richard Sizemore, Defendant-Appellant (90-3432)
 Nos. 90-3432, 90-3465.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 One of the defendants, Richard Sizemore, appeals the district court order denying him qualified immunity in this civil rights action. (Case No. 90-3432). The plaintiffs cross-appeal from the other portions of the district court's order which granted immunity to two other individual defendants and the municipal defendant, the city of Cincinnati. (Case No. 90-3465). The defendants move to dismiss the cross-appeal on grounds that the portion of the order of which the plaintiffs seek review is not appealable. The plaintiffs respond in opposition.
 
 
 2
 Generally, in the absence of appropriate certification under Fed.R.Civ.P. 54(b), an order disposing of fewer than all parties involved in an action is not appealable. William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). In this case the district court's order, to the extent it denies qualified immunity to defendant Sizemore, is immediately appealable. See Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). However, this Court is not required to review another issue simply because there is an appeal on qualified immunity before it. Huron Valley Hospital, Inc. v. City of Pontiac, 792 F.2d 563, 566-68 (6th Cir.) cert. denied, 479 U.S. 885 (1977); see also Lunblad v. Celeste, 874 F.2d 1097, 1105 (6th Cir.1989). In the absence of a proper certification under Rule 54(b), this Court has no jurisdiction in the plaintiff's cross-appeal.
 
 
 3
 It is therefore ORDERED that the plaintiff's cross-appeal, Case No. 90-3465, is dismissed for lack of jurisdiction without prejudice to perfection of a timely appeal should certification under Rule 54(b) be obtained from the district court.